**Bret CAHILL**

v.

**TEXAS WORKFORCE COMMISSION and Mike Sheridan, Executive Director, Texas Workforce Commission**

No. 1:00–CV–330.

United States District Court,
E.D. Texas,
Beaumont Division.

March 1, 2002.

Brett Cahill, Beaumont, TX, for plaintiff.

Joey W. Moore, Christopher R. Brown, Assistant Atty. General, Litigation Div., Austin, TX, for defendants.

### MEMORANDUM OPINION

COBB, District Judge.

*Pro se* plaintiff Bret Cahill filed his complaint against defendants on May 18, 2000. Texas Workforce Commission and its Executive Director finally filed their original answer and affirmative defenses, denying Cahill's allegation that the First or Fourteenth Amendments required Texas Workforce Commission to open its bulletin boards and other media used for job postings to commentary from any and all employees. On June 23, 2000, Cahill filed a motion for preliminary injunction. This

court denied the injunction on August 1, 2000, on the basis that Texas Workforce Commission's labor exchange system was a nonpublic forum and was viewpoint neutral.

Cahill filed an interlocutory appeal to the Fifth Circuit Court of Appeals. Defendants filed their timely response. The Fifth Circuit denied Cahill's motion for preliminary injunction pending appeal by order dated August 21, 2000. Thereafter, Cahill filed his application for preliminary injunction pending appeal with the United States Supreme Court, which denied the application on October 10, 2000.

Undaunted, Cahill filed his interlocutory appeal with the Fifth Circuit Court of Appeals. Defendant again timely responded. The Fifth Circuit affirmed the district court's denial of Cahill's preliminary injunction. After the defendant filed a motion for summary judgment, Cahill also filed a motion for summary judgment, which this court has denied without a memorandum opinion.

The court now addresses the defendants' motion for summary judgment, and for the reasons stated herein, the court will enter an order granting the defendant's motion.

### BACKGROUND

On May 18, 2000, plaintiff Cahill filed a *pro se* complaint for declaratory and injunctive relief against the Texas Workforce Commission and Mike Sheridan, its then-Executive Director. Cahill alleges that he sent a letter to the then-Executive Director and requested that all former employees be granted equal access to "all of the bulletin boards, job banks, computer networks, and other resources" of Texas Workforce Commission offices throughout the state of Texas. Cahill alleges the Texas Workforce Commission's failure to open up the various media it uses for job postings to commentary from all "former employees" constitutes prior restraint of

speech guaranteed to Cahill and others under the First and Fourteenth Amendments, and a denial of equal protection of the laws under the Fourteenth Amendment by restricting the communications of Cahill and other former employees, but not those attempted by employers.

Cahill asserts that "the public employment offices are public fora, or, at a minimum, nonpublic government fora specifically designated for the public to give out information as to opportunities for employment." Interestingly though, throughout his complaint Cahill refers specifically to the *media*-bulletin boards, computer postings, and the like, which Texas Workforce Commission uses to carry out its responsibilities as part of the employment service system created by the Wagner–Peyser Act. It is this characterization of the media, which is used by the Texas Workforce Commission to carry out the employment program as an "open forum" which leads to Cahill's argument that defendants are restricting viewpoints and thus, Texas Workforce Commission allegedly violated the First and Fourteenth Amendment rights of employees and former employees.

### SUMMARY JUDGMENT STANDARD

A motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The substantive law governing the suit identifies the ele-

ments of the nonmoving party's claims or the moving party's defense and, hence, which facts are material. *Anderson,* 477 U.S. at 247, 106 S.Ct. 2505.

The dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on that issue. *Id.* To meet the requirements of genuineness, the nonmoving party "must set forth specific facts showing there is a genuine issue for trial." *Id.* at 248, 106 S.Ct. 2505. Conclusory allegations are insufficient to preclude summary judgment. *Id.*

## DISCUSSION

Cahill claims "nowhere have the defendants, the State of Texas (the State) or Mike Sheridan denied any of the allegations of fact in the original complaint ..." and therefore Cahill moved for summary judgment. Cahill adds, "The State never proffered any laws, rules, regulations, provisions, statutes, case law, or any other material that would suggest that the State has arbitrary power to engage in viewpoint based censorship of Cahill ..." Cahill also incorrectly asserts, "In this action the State is arguing it has arbitrary power to select and choose who has freedom of speech to disseminate 'information as to opportunities for employment.'"

Cahill's first representation to the court is incorrect. Defendants expressly denied Paragraphs seven through ten of Cahill's Original Complaint. Cahill is correct, however, in stating that defendants never offered any legal support which sustains the contention that "the State has arbitrary power to engage in viewpoint based censorship..." Defendants have offered, however, many pages of argument, evidence, and legal support which sustain their argument that the media used by the Texas Workforce Commission to effectuate the purposes of the Wagner–Peyser Act are not a public forum, but rather a non-

public forum; and that as such, defendants have the right to restrict access to it as long as the restrictions are "reasonable and [are] not an effort to suppress expression merely because public officials oppose the speaker's view." *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.,* 473 U.S. 788, 800, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985).

Cahill's position is that there is no genuine issue of material fact regarding whether defendants have "arbitrary power to engage in viewpoint based censorship." Obviously, defendants do not argue that they have power to or have engaged in arbitrary viewpoint censorship. What is at issue, and what defendants have successfully argued against Cahill's preliminary injunction, is that the media used by the Texas Workforce Commission to effectuate the Wagner–Peyser Act creates a non-public forum; as such, defendants have the right to restrict access so long as the restrictions are reasonable and are viewpoint-neutral. Thus, all that Cahill has established is that there is no genuine issue of material fact regarding whether defendants have "arbitrary power to engage in viewpoint censorship." This, however, is not a material issue of fact, and does not entitle Cahill to prevail.

▪ Cahill's entire case is premised on the incorrect conclusion that a public forum is at issue. Defendants, however, have established that it is the medium used by the Texas Workforce Commission to implement the purposes of the Wagner–Peyser Act, not the Texas Workforce Commission offices, that Cahill seeks to access. Again, defendants have argued, and this court has agreed, the medium in question is a non-public forum. Thus, the test for whether the defendants may restrict access to the forum is whether the restriction is reasonable and whether it is viewpoint-neutral.

■ Undeniably, prohibiting Cahill from posting his opinions of employers on the Texas Workforce Commission medium which is used to carry out the employment services of the Wagner–Peyser Act is reasonable and viewpoint-neutral. First, the reasonableness of speech restrictions in a non-public forum are assessed in light of the purpose of the forum and the surrounding circumstances. *Cornelius,* 473 U.S. at 809, 105 S.Ct. 3439. Additionally, when the proposed speech could well be disruptive to the forum or could detract from its intended use, restrictions of that speech may be considered reasonable. *Texas v. Knights of the Ku Klux Klan,* 58 F.3d 1075, 1079 (5th Cir.1995).

In this case, the purpose of the non-public forum created by the Texas Workforce Commission is self-evident: it is intended to match job seekers with employers. It is not intended as an open forum for former employees to post their opinions about former employers. It is not intended for employers to post their opinions about former employees either. In fact, employers are very limited on what information they may post at all, such as the type of work, salary, benefits, *et cetera.*

Further, allowing former employees to post their opinions about former employers could well be disruptive to the forum and could often detract from its intended use. For example, a disgruntled employee may post defamatory remarks about a former employer which may, although highly inaccurate (or even false), deter another job seeker from seeking employment with that employer. This example is just one that could occur which would be disruptive to the intended purpose of the forum. Clearly, restriction of this type of speech is reasonable.

Moreover, restricting the posting of opinions in any form on the Texas Workforce Commission media is viewpoint-neutral. The non-public forum created by Texas Workforce Commission is to provide a forum solely to match job seekers with employers. Texas Workforce Commission posts information concerning state-funded programs for job training or labor and employment issues. Job seekers post resumes, and employers post job notices. All other communication is excluded. This is clearly a content-neutral restriction based on the status of the speaker, not viewpoint discrimination. Thus, Cahill's claim of viewpoint discrimination must fail.

The only cases Cahill cites to support his position are inapplicable. The issue in all of the cases Cahill cites is the amount of discretion an official has in enforcing speech-related ordinances. *See Lovell v. Griffin,* 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938); *Saia v. People of New York,* 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948); *Kunz v. People of New York,* 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280 (1951); *Hynes v. Mayor of Oradell,* 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988). What Cahill does not seem to understand, however, is that no state official in this situation has unfettered discretion to decide what may or may not be posted as a part of the employment services program executed by the Texas Workforce Commission under the Wagner–Peyser Act.[1] As defendants clearly explain in their motion for summary judgment, it is the federal act that outlines the requirements for employers who seek to post clearance orders on the job bank created by the Wagner–Peyser Act and also outlines the procedures which

---

1. Cahill does not offer any evidence that any defendant has given unbridled discretion in

carrying out the Wagner–Peyser Act.

state agencies similar to the Texas Workforce Commission are required to follow in accepting and processing such orders. *See* 20 C.F.R. § 653.501. Cahill's legal authority on the issue officials' discretion is inapplicable.

Discrimination based on the status of the speaker is not viewpoint discrimination, and is allowed as long as reasonable, in a non-public forum. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 49, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). It is implicit in the concept of a non-public forum that distinction in access can be drawn between the subject matter and the identity of the speaker. *Id.*

Defendants have clearly established that the medium used by the Texas Workforce Commission to carry out the purposes of the Wagner–Peyser Act are a non-public forum and the law regarding non-public forums is evident; thus, the defendants are entitled to judgment as a matter of law, and the court will grant that judgment by order of this date.